Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7513 | **DATE** | 12/7/10 |
| **CASE TITLE** | Glenn Verser (N-72074) v. Hubbard, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $2.60 from Plaintiff's account and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund office at the Stateville Correctional Center. The clerk is directed to issue summonses for the U.S. Marshal to serve the Defendants. The clerk shall send a magistrate judge consent form and filing instructions along with a copy of this order to Plaintiff. Status hearing set for 2/2/11 at 9:30 a.m.

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

Plaintiff Glenn Verser (N-72074), an inmate at Stateville Correctional Center, has filed a *pro se* civil rights 42 U.S.C. § 1983 case against Stateville Officers Kenneth Hubbard, Angela Smith, Clarence Wright, Glen Malone, Darla Michel, and Drs. Partha Ghosh and Liping Zhang. Plaintiff alleges that on two separate occasions, officers tightly applied handcuffs, which damaged nerves in Plaintiff's hand and that Drs. Ghosh and Zhang refused to provide adequate treatment.

The court finds that Plaintiff is unable to prepay the filing fee and grants her motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.60. The supervisor of inmate trust accounts at his place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and the Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.
**(CONTINUED)**

isk

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Plaintiff's assertions about handcuffs being applied too tightly and then not getting adequate medical treatment for his injuries state at least colorable claims, such that the Defendants must respond to the complaint. *See Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006); *Jackson v. Kotter*, 541 F.3d 688, 697-98 (7th Cir. 2008). The clerk shall issue summonses for service of the complaint on the Defendants.

The United States Marshals Service is appointed to serve Stateville Officers Kenneth Hubbard, Angela Smith, Clarence Wright, Glen Malone, Darla Michel, and Drs. Partha Ghosh and Liping Zhang. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former prison employee who can no longer be found at the work address provided by Plaintiff, officials at the Lake County Jail shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or for proof of service if a dispute arise. Any documentation of the address shall be retained only by the Marshal, and shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants, or to defense counsel, if an attorney has entered an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.