# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7513 | **DATE** | 6/1/11 |
| **CASE TITLE** | Glenn Verser (N-72074) v. Kenneth Hubbard, et al | | |

**DOCKET ENTRY TEXT:**

Officers Smith, Hubbard, Wright, Michel, and Malone's motion to dismiss [16] is denied. They are directed to respond to the complaint within 30 days of the date of this order. Dr. Ghosh's motion to dismiss [27] is granted. Dr. Ghosh is dismissed as a Defendant. Ruling set for 6/10/11 is vacated. Status hearing set for 7/8/11 at 10:00 a.m.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff Glenn Verser, a Stateville inmate, filed this 42 U.S.C.§ 1983 suit against Stateville Correctional Center Officers Angela Smith, Clarence Wright, Kenneth Hubbard, Glen Malone, Darla Michel, Dr. Partha Ghosh, and Dr. Liping Zhang. Plaintiff alleges the following: Officers Hubbard, Smith, and Wright applied handcuffs too tightly when transporting him to Sterling, Illinois for a hearing on January 29, 2009; Dr. Zhang subsequently issued Plaintiff a permit that prohibited single cuffing; Drs. Zhang and Ghosh did not adequately treat Plaintiff for his wrist injury; and Officers Malone and Michel cuffed Plaintiff contrary to the permit when transporting him in March of 2009 for a deposition in an unrelated case.

Currently before the court are two motions to dismiss. Officers Wright, Hubbard, Smith, Malone, and Michel filed the first motion. Dr. Ghosh filed the second motion. Service of the complaint has not yet been accomplished for Dr. Zhang. For the reasons stated herein, the court denies the officers' motion and grants Dr. Ghosh's motion.

When considering a motion to dismiss, this court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any reasonable inferences drawn therefrom, in a light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of its claims, or determine a plaintiff's ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). Under the notice pleading requirement, a complaint need only state a federal claim and provide the defendants with sufficient notice of the claim, including the grounds upon which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint, however, must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 -77 (7th Cir. 2007). A complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 550 U.S. at 555. Nor will a court presume facts not alleged. *Id.* Also, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

Officers Hubbard, Wright, and Smith contend that Plaintiff's allegations that handcuffs were applied too tightly for several hours do not state a claim of excessive force. (Doc. #17, Defendants' Memorandum in Support of Motion to Dismiss, at 4-5.) They argue that being handcuffed for several hours does not state a valid claim of excessive force. (*Id.*) Plaintiff's complaint asserts the following. He was handcuffed at the prison before being transported to Sterling, Illinois, for a hearing. (Complaint at 3.) After Officer Hubbard placed handcuffs on Plaintiff, he complained to Hubbard and Smith that the cuffs were too tight. (*Id.*) Hubbard replied that there was nothing he could do. (*Id.*) Plaintiff then complained to Superintendent Wright, who told Plaintiff to talk to Hubbard. (*Id.* at 4.) The handcuffs remained for 13 hours, causing Plaintiff to lose feeling in his right hand. (*Id.*) A week later, Dr. Zhang issued a permit that prohibited Plaintiff from being single-cuffed. (*Id.*)

"When prison officials are accused of using excessive force, the key inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Whether force was applied in good faith depends upon several factors, "including the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate." *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). To establish such a claim, "the prisoner must have evidence that 'will support a reliable inference of wantonness in the infliction of pain.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986)).

With respect to the application of handcuffs too tightly, courts have found no viable excessive force claim where the plaintiff complained only twice following his arrest about the cuffs being too tight, his wrists were red for one and one-half days, and he received no medical care for his wrists. *Tibbs v. City of Chicago*, 469 F.3d 661, 663 (7th Cir. 2006). In *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304 (7th Cir. 2011), the Seventh Circuit affirmed a summary judgment dismissal of an excessive-force claim where the plaintiff complained only once, but never elaborated on his complaint that the cuffs were too tight. The plaintiff in *Sow* did not complain of any injury after arriving at a jail and received no treatment resulting from the use of the handcuffs. *Id*. In *Stainback v. Dixon*, 569 F.3d 767, 769, 773 and n.7 (7th Cir. 2009), summary judgment was found to be proper where the arrestee simply asked officers not to cuff him behind his back but did not convey to the officer that he had a preexisting injury. Other courts, however, have held that a complaint sufficiently states an excessive force claim where an arrestee posed no threat and an officer applied handcuffs in a manner that caused chaffing of the wrists and/or nerve damage. *See Payne v. Pauley*, 337 F.3d 767, 779 (7th Cir. 2003) (collecting cases).

Plaintiff's complaint falls somewhere between the cases cited above. He alleges that he informed officers only twice over a period of 13 hours that his cuffs were too tight, and he does not state that he elaborated to the officers as to how the handcuffs caused pain. (Complaint at 3.) However, assuming Plaintiff's allegations are true, and liberally reading his complaint with all reasonable inferences in his favor, his allegations that he informed the officers more than once that the cuffs were too tight and that the officers allegedly refusal to do anything, along with Plaintiff's assertion that he suffered numbness and nerve damage, sufficiently allege a claim to allow this claim to proceed. A more developed record may reveal that Plaintiff's facts are similar to those in *Tibbs* and *Sow* and that he cannot demonstrate excessive force, but the court cannot make such a determination at this stage.

Accordingly, the motion to dismiss filed by Officers Smith, Hubbard, and Wright is denied and these Defendants are directed to respond to the complaint within 30 days of the date of this order.

Plaintiff's allegations against Dr. Ghosh consists of only two sentences. "Dr. Ghosh refused to provide adequate treatment care" and "Dr. Zhang and Dr. Ghosh failed to refer Verser to a nerve specialist or order x-rays." (Complaint at 4.) The first sentence provides only threadbare recital, if even that, of the elements of a deliberate indifference claim. This assertion alone is insufficient to state a claim. *See Jackson v. Kotter*, 541 F.3d 688, 697-98 (7th Cir. 2008); *see also Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Plaintiff's response to Dr. Ghosh's motion to dismiss provides no further facts, but simply repeats that Dr. Ghosh "refused the Plaintiff adequate medical care." (Doc. 32, Pl.'s Response at 2-3.)
**(CONTINUED)**

| STATEMENT (continued) |
|---|

Plaintiff's second sentence - that Dr. Ghosh, along with Dr. Zhang, refused to refer him to a nerve specialist or for x-rays – does not allege that he received no treatment from the prison doctors, but rather, that he disagreed with their treatment. According to Plaintiff, Dr. Zhang issued a permit prohibiting further single-cuffing of Plaintiff. Plaintiff's complaint reveals that he characterizes the doctors' treatment as "inadequate" for refusing to order additional tests and referring him to a specialist. (Complaint at 4.) Even assuming such allegations as true, they do not state a deliberate-indifference claim.

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents 'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "[T]he Constitution is not a medical code that mandates specific medical treatment." *Id.* (citation omitted). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Id.* at 697-98 (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

Accordingly, the claim against Dr. Ghosh is dismissed and he is dismissed as a Defendant. If the claim against Dr. Ghosh involves more than simply not referring Plaintiff to a nerve specialist or for x-rays, Plaintiff may seek to file an amended complaint that better states his claim.

Plaintiff's claims against Officers Malone and Michel assert that they applied handcuffs when transporting him for a deposition two months after the cuffing incident by Officers Hubbard and Smith. (Complaint at 4-5.) When Plaintiff informed Malone and Michel that he had a permit not to be single-cuffed, Michel responded, "I don't give a shit. We run security and you will be single cuffed." (*Id.* at 5.) Plaintiff states that the second single-cuffing "increased [his] serious medical condition." (*Id.*)

Michel and Malone contend that Plaintiff's claim against them is distinct and unrelated to his claims against the other officers and the doctors, such that this claim belongs in a separate suit pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). (Doc. #17, Defs.' Memorandum in Support of Motion to Dismiss, at 5-6.) In *George*, the Seventh Circuit held that "[u]nrelated claims against different defendants belong in different suits." Although separate incidents of the same type of claim are usually not related, *see Carter v. Walker*, No. 08-CV-473, 2009 WL 1473598, *2 (S.D. Ill. May 27, 2009) (unrelated failure-to-protect claims), the instant suit will involve common issues of discovery with respect to the single-cuffing prohibition permit issued by Dr. Zhang, i.e., the parties will most likely reference that permit when addressing both handcuffing incidents. Accordingly, separating out the claim against Officers Malone and Michel is not appropriate. *See* N.D. Ill. Local Rule 40.4 (addressing when consolidation of cases is warranted).

Michel and Malone also argue that Plaintiff has not sufficiently stated an excessive-force claim against them. (Doc. #17 at 6.) As noted above, Plaintiff alleges that he informed both officers of his no-single-cuffing permit, that the officers ignored the permit, and that Plaintiff's injuries were exacerbated. (Complaint at 4-5.) Such allegations state a claim of excessive force. *See Stainback*, 569 F.3d at 773 ("[h]ad the Officers known of a preexisting injury or medical condition that would have been aggravated by handcuffing [the plaintiff] or had [the plaintiff] communicated to the Officers that he suffered from such an infirmity, the Officers certainly would have been obligated to consider that information"). Plaintiff may proceed with his claims against Michel and Malone.

For the reasons stated herein, the officers' motion to dismiss is denied. They must answer the complaint within 30 days of the date of this order. Dr. Ghosh's motion to dismiss is granted, and he is dismissed as a Defendant.